Zimmerman, J.
Recently, in the case of State, ex rel. Bishop v. Board of Education of Mt. Orab Village School Dist., 139 Ohio St., 427, 40 N. E. (2d), 913, we had occasion to consider and apply certain parts of the “Ohio Teachers’ Tenure Act” (Sections 7690-1 to 7690-8, General Code, 119 Ohio Laws, 451), and upheld them as a valid exercise of legislative power. We further indicated that the act should be liberally construed in favor of those it was designed to benefit.
Much significance was attached to the first proviso of Section 7690-2, General Code, reading:
“Provided, however, that on or before September 1, 1941, a continuing contract shall be entered into by each board of education with each teacher holding a professional, permanent, or life certificate who, at the time of the passage of this act, is completing five or more consecutive years of employment by said board.”
Here, at the time of the passage of this act, relatrix held an elementary life certificate, and was completing more than five consecutive years of employment as a teacher by the respondent, under our interpretation of the quoted proviso in the Bishop case. Relatrix testified that her teaching services had been continuous from 1930.
These facts standing alone would entitle relatrix to prevail in her action.
However, respondent contends, as set out in its bripf:
“Even though the Teachers’ Tenure Act might have been otherwise applicable, her [relatrix’s] rights to further teach were definitely ended by force of law and contract when the respondent refused, to employ her to teach in a position which she was not qualified to teach and when she, prior to the passage of the Teachers’ Tenure Act, declined employment to teach in any other position for which she was qualified.”
When compared with the mandatory and sweeping *515 language of the quoted proviso of Section 7690-2, General Code, and the actual responses made by the relatrix to the submitted questionnaire, this contention cannot prevail.
In answering the questionnaire, relatrix plainly said that she did not intend to give up teaching and, while expressing a preference to be continued in her present position, stated definitely that she would accept any school in the county “rather than to have none.”
We are consequently of the opinion that the Court of Appeals was correct in ordering the issuance of a writ of mandamus requiring the respondent to tender relatrix a continuing contract as a teacher in the elementary grades of the Wheelers burg Rural School District, and its judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Turner, Williams, Matthias and Hart, JJ., concur.
Bell, J., not participating.